# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 11-621V
Filed: April 17, 2013

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
JOCELYN WILSON,                          *      Special Master Zane
                                         *
                 Petitioner,             *
v.                                       *      Stipulation; attorneys' fees and costs
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
                 Respondent.             *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Herbert L. Waichman*, Parker & Waichman, Great Neck, NY, for Petitioner;
*Lara Ann Englund*, United States Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

**ZANE,** Special Master.

On April 15, 2013, the parties in the above-captioned case filed a Stipulation of Fact Concerning Attorneys' Fees and Costs ("Stipulation") memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. Petitioner requests a total award of $15,000.00. Petitioner's counsel represents that Petitioner incurred no personal litigation costs. The undersigned awards the amount to which Respondent does not object.

Petitioner, Jocelyn Wilson, filed a petition for vaccine injury compensation on September 28, 2011. Petitioner alleged that Petitioner alleged that she suffered from Guillain-Barre

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Syndrome ("GBS"), as a result of receipt of the Human Papillomavirus ("HPV") vaccinations received on October 29, 2008, March 26, 2009, and August 17, 2009. Petition, ¶ 3,4.

Petitioner filed medical records but those records did not establish causation. Moreover, Petitioner was unable to secure an expert witness to establish causation and thus, requested a ruling on the record. In that ruling, it was determined that Petitioner was not entitled to compensation. *Decision*, February 25, 2013 [ECF No. 29].

Even though compensation was denied, a petitioner may be awarded attorneys' fees and costs where her petition was brought in good faith, and she has a reasonable basis for the petition. *See* 42 U.S.C. § 300aa-15(e). Here, counsel for Petitioner spent time gathering medical records for Petitioner that gave indications of a possible causal connection between the vaccination(s) and injury. Thus, to that point, there was a reasonable basis for proceeding, and Petitioner's counsel acted in good faith in so doing.

Subsequently, because counsel was unable to secure an expert opinion, she determined that could not proceed with the claim and requested a ruling on the record as it stood. By requesting a ruling on the record, counsel for Petitioner ensured that there would be no additional unnecessary costs or expenses incurred. Again, counsel had a reasonable basis for proceeding in this manner and acted in good faith.

Based on the foregoing, Petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that Petitioner has not satisfied the requirements for an award of fees and costs.

After reviewing the request, the court finds the stipulated amount of $15,000.00, in attorneys' fees and costs to be reasonable. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Jocelyn Wilson) and Petitioner's counsel (Herbert L. Waichman, of Parker & Waichman), the amount of $15,000.00.**

The court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.